UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LYDIA DIANE JONES,

        Plaintiff,

    v.

MAGISTRATE JUDGE MARK GRISANTI,
*et al.*,

        Defendants.
_____

22-CV-145-LJV
DECISION & ORDER

    The *pro se* plaintiff, Lydia Diane Jones, has filed a complaint bringing claims under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act, and other state and federal laws.  Docket Item 1.  Those claims generally pertain to the defendants' "wrongful foreclosure" proceedings against Jones in state court.  *Id.*  Jones has moved for a temporary restraining order and preliminary injunction to prevent those proceedings from moving forward.  Docket Item 3.  Jones also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it).  Docket Item 2.  She has filed the required affidavit.  *Id.*

    Because Jones meets the statutory requirements of 28 U.S.C. § 1915(a), *see* Docket Item 2, this Court grants her motion to proceed *in forma pauperis*.  But because this Court lacks jurisdiction over Jones's motion for a temporary restraining order or preliminary injunction, her motion for that relief is denied.  The Court defers screening the complaint under 28 U.S.C. § 1915(e)(2) at this time.

**FACTUAL BACKGROUND**

Jones has sued "Magistrate Judge Mark Grisanti," "Attorney Samantha Sandler," and "Newrez/PHH Mortgage Serbvices PHH Mortgage Corporation 1 Mortgage." Docket Item 1 at 1.  A liberal reading of the complaint tells the following story.

In 2004, Jones "purchased a home and obtained a mortgage loan from the Option One Mortgage Corporation" for around $195,300.  *Id.* at ¶ 2.1  Jones made "timely payments" to Option One from 2004 to 2008.  *Id.* at ¶ 11.2.  The loan then "was assigned to American Home Mortgage Servicing" and "thereafter[] payments were made to Ocwen Loan Servicing, LLC Mortgage, Newrez C/O PHH Mortgage Services."  *Id.* (capitalization removed).

On May 1, 2009, "a Notice of Default was issued and signed by the attorney working for the Foreclosure Services[,] and approximately 30 days later a Notice of Trustee Sale scheduling a judicial foreclosure [] was transmitted to the plaintiff."  *Id.* at ¶ 11.4.  Although Jones's complaint is not entirely clear on when the foreclosure judgment was entered, state court records show that a final order of judgment and sale was signed by New York State Supreme Court Justice Mark J. Grisanti on July 28, 2021, and filed on July 29, 2021.  *See Deutsche Bank Nat'l Tr. Co. v. Jones*, No. 800319/2015, Docket Item 115 (Sup. Ct. Erie Cty. July 29, 2021).

**DISCUSSION**

Jones has moved for a temporary restraining order, preliminary injunction, and expedited hearing to "block any further foreclosure action against the property in dispute."  Docket Item 3 at 8; *see also* Docket Item 1 at 16 (asking this Court to "enjoin

2

the foreclosure sale that was on December 3, 2021"). Because this Court lacks jurisdiction to enjoin the foreclosure judgment, Jones's motion is denied.

Under the *Rooker-Feldman* doctrine, "federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision." *St. Maarten v. J.P. Morgan Chase Bank, N.A.*, 2021 WL 2217503, at *2 (E.D.N.Y. Jan. 14, 2021) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)). *Rooker-Feldman* applies when four factors are present: (1) the federal-court plaintiff lost in state court; (2) the plaintiff seeks redress for injuries caused by the state-court judgment; (3) the plaintiff seeks federal court review of the state-court judgment; and (4) the state-court judgment was issued before the federal court action was filed.[1] *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Jones's motion for a temporary restraining order and preliminary injunction is denied because her request for injunctive relief is barred by the *Rooker-Feldman* doctrine. *See St. Maarten*, 2021 WL 2217503, at *2-3 (finding that "[p]laintiff's application for injunctive relief" to enjoin a state foreclosure judgment was "barred by the

---

[1] Jones has continued to pursue post-judgment motions in her state case and has filed various notices of appeal. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Jones*, No. 800319/2015, Docket Item 160 (Sup. Ct. Erie Cty. Feb. 22, 2022). Although the Second Circuit has not definitively resolved whether *Rooker-Feldman* applies when an appeal is pending, it "has strongly suggested—without deciding—that it does." *Butcher v. Wendt*, 975 F.3d 236, 244 n.5 (2d Cir. 2020) (noting that "district judges within [the Second Circuit] that have grappled with this issue have concluded that [*Rooker-Feldman*] applies even where there is a pending state appeal of the challenged judgment"); *see also Sylvester v. Bayview Loan Servicing LLC*, 2016 WL 3566234, at *5 (S.D.N.Y. June 24, 2016) (noting application of *Rooker-Feldman* "despite the persistence of proceedings or appeals following a dispositive state-court judgment"). Absent further guidance to the contrary, this Court heeds the Second Circuit's "strong suggest[ion]" that *Rooker-Feldman* applies here.

*Rooker-Feldman* doctrine"). Jones seeks relief from an adverse decision in state court—namely, the final judgment of foreclosure—which was issued before her case was filed in this Court. Indeed, Jones's motion explicitly says that she is "challenging the court's jurisdiction to foreclose on her[] or auction the property." Docket Item 3 at 2. So *Rooker-Feldman* bars her motion for injunctive relief, which "amounts to an objection to the disposition of the foreclosure action" in state court. *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (summary order). And that bar applies even though Jones "argu[es] that the judgment was void because it was obtained through a fraudulent scheme to interfere with the judicial process." *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order); *see also Swiatkowski*, 160 F. App'x at 32 (finding *Rooker-Feldman* applies to "allegations of various civil and constitutional rights violations").

A plaintiff seeking a preliminary injunction or temporary restraining order must show "a likelihood of success on the merits" or "sufficiently serious questions going to the merits to make them a fair ground for litigation[] and a balance of hardships tipping decidedly in the movant's favor." *Trump v. Deutsche Bank AG*, 943 F.3d 627, 636 (2d Cir. 2019), *vacated*, 140 S. Ct. 2019. Because this Court "lack[s] jurisdiction to invalidate [a] foreclosure judgment," *see Worthy-Pugh*, 664 F. App'x at 21, Jones has not made a sufficient showing under either standard.[2] Jones's motion for a temporary restraining order, preliminary injunction, and emergency hearing therefore is denied.

---

[2] Because Jones has not made a sufficient merits-based showing under either of these two standards, this Court does not address any other element for a temporary restraining order or preliminary injunction. *See Trump*, 943 F.3d at 641.

## **CONCLUSION**

For all the reasons stated above, Jones's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED.  Jones's motion for a temporary restraining order, preliminary injunction, and emergency hearing, Docket Item 3, is DENIED.  The Clerk of the Court shall file the plaintiff's papers.  The Court defers screening under 28 U.S.C. § 1915(e)(2).

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).


SO ORDERED.

Dated:   February 24, 2022
             Buffalo, New York


                                                  */s/ Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE