UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYDIA DIANE JONES,

        Plaintiff,

  v.

MAGISTRATE JUDGE MARK GRISANTI, *et al.*,

        Defendants.

22-CV-145-LJV
DECISION & ORDER

---

      The *pro se* plaintiff, Lydia Diane Jones, has filed a third motion for a temporary restraining order, preliminary injunction, and emergency hearing in this case. Docket Item 12. This Court previously denied Jones's first two applications for emergency injunctive relief because this Court—a United States district court—cannot give Jones the requested relief. *See* Docket Items 4, 10. More specifically, this Court denied Jones's prior requests to enjoin further proceedings related to a state court foreclosure judgment because the *Rooker-Feldman* doctrine generally bars federal courts from acting as appellate courts reviewing state court judgments. *See* Docket Items 4, 10.

      Jones's third motion in this case seeks the same relief as the first two: Jones asks this Court to "restrain the [s]tate court, attorney, and[/]or [third-party] buyers from accessing or controlling the property" because of the "illegal state court process" that led to the foreclosure judgment.[1] Docket Item 12 at 2; *see also id.* ("request[ing] [that

---

[1] Jones also filed an amended complaint along with her motion for emergency injunctive relief. *See* Docket Item 11. This Court defers screening that amended complaint under 28 U.S.C. § 1915(e)(2) at this time.

this Court] vacate any state court judgments or orders in the interest of justice"). In other words, Jones again asks this Court for injunctive relief because of an allegedly improper state court foreclosure judgment. And for the reasons provided in this Court's prior orders, *see* Docket Items 4 and 10, this Court cannot grant that request.

This is now Jones's third application for emergency relief in this case. Each time, Jones has asked this Court to enter injunctive relief based on an allegedly invalid state court judgment, and each time this Court has denied Jones's requests on the same grounds. Although this Court is sympathetic to the hardship that Jones faces and has faced, the Court warns Jones that she may be subject to sanctions if she continues to file repetitive motions for relief that the Court has said it cannot provide. *See Brooks v. Aiden 0821 Cap. LLC*, 2020 WL 4614323, at *6 (E.D.N.Y. July 22, 2020) ("caution[ing]" the plaintiff "that continuing to file frivolous emergency applications, given that three such application[s] have now been unequivocally denied, may result in the imposition of sanctions").

## **CONCLUSION**

For the reasons stated above and in this Court's prior orders, *see* Docket Items 4 and 10, Jones's motion for a temporary restraining order, preliminary injunction, and emergency hearing, Docket Item 12, is DENIED. The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated:  October 6, 2022
        Buffalo, New York


                                                    */s/ Lawrence J. Vilardo*
                                                    LAWRENCE J. VILARDO
                                                    UNITED STATES DISTRICT JUDGE