UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYDIA DIANE JONES,

Plaintiff,

v.

MAGISTRATE JUDGE MARK GRISANTI, *et al.*,

Defendants.

---

22-CV-145-LJV
ORDER

The *pro se* plaintiff, Lydia Diane Jones, brings claims related to state court foreclosure proceedings that ultimately resulted in her eviction and the sale of her home. Docket Items 1, 11. On August 12, 2022, this Court screened the complaint under 28 U.S.C. § 1915(e)(2), dismissed some claims under that section, found that other claims could proceed to service, and gave Jones leave to amend her remaining claims.[1] Docket Item 8.

On September 29, 2022, Jones filed an amended complaint, Docket 11, which this Court now screens under section 1915(e)(2). Jones also has twice moved for sanctions against two attorneys she has named as defendants in this case. Docket Items 17, 19. For the reasons that follow, some of Jones's claims are dismissed under section 1915(e)(2)(B), but other claims may proceed to service. Jones's motions for sanctions are denied.

---

[1] On February 24, 2022, this Court denied Jones's motion for injunctive relief but granted her motion to proceed *in forma pauperis*. Docket Item 4. And because Jones is proceeding *in forma pauperis*, her complaint is subject to screening. *See* 28 U.S.C. § 1915(e)(2).

## DISCUSSION

Section 1915 “provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims.” *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action “at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.” *See* 28 U.S.C. § 1915(e)(2).

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal “unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.” *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (“A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.” (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be “futile.” *Cuoco*, 222 F.3d at 112.

## I. SCREENING THE COMPLAINT

In evaluating a complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff’s favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). “Specific facts are not necessary,” and the plaintiff “need only ‘give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.’” *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (per curiam) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

Jones has sued New York State Supreme Court Justice Mark J. Grisanti; the State of New York; Sara Z. Boriskin; Samantha Sandler; Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("Robertson"); "Newrez/PHH Mortgage Services PHH Mortgage Corporation 1 Mortgage" ("Newrez"); Kevin Gibbons[2]; Olivia T. Paulo-Lee; Mohi Ahmed; Gulun Nahar Shaly; the Amherst Police Department; and John and Jane Doe defendants. Docket Item 11 at 1. A liberal reading of the amended complaint tells the following story.

In 2004, Jones and her father took out a loan from Option One Mortgage Corporation for about $195,300. Docket Item 1 at ¶ 2.1; Docket Item 11 at 4. Jones "made timely payments" to Option One Mortgage Corporation from 2004 to 2008; after the loan "was assigned to American Home Mortgage Servicing," Jones made payments

[2] Although Jones names "Kevin Gibson" as a defendant, *see* Docket Item 11 at 1, his last name apparently is spelled "Gibbons," *see Deutsche Bank Nat'l Tr. Co. v. Jones*, No. 800319/2015, Docket Item 188 (Sup. Ct. Erie Cnty. May 31, 2022). The Clerk of the Court shall correct the caption accordingly.

to "Ocwen Loan Servicing, LLC Mortgage[] Newrez C/O PHH Mortgage Services."[3] Docket Item 1 at ¶¶ 11.2.

But Jones was "tricked" into making payments because "there was never any loan provided." *Id.* at ¶ 4.3. In fact, there were a number of deficiencies with the mortgage loan: "[t]he bank misrepresented the elements of the alleged agreement"; there was "no bona fide signature on the alleged promissory note"; the "promissory note [was] a forgery"; the lender "denied [Jones] equal protection under the law"; and the "mortgage deal was not done according to the GAAP accounting principles in violation of [] federal law." Docket Item 11 at 3-5.

In 2014, defendant Boriskin "filed [a] foreclosure summon[s] and complaint" in New York State Supreme Court, Erie County. *Id.* at 5. But Boriskin "signed on to the case as the attorney of record without standing," and she failed to include "an affidavit from an injured party to provide jurisdiction to the court." *Id.* On March 2, 2016, New York State Supreme Court Justice Tracey A. Bannister signed an order entering a judgment of foreclosure and sale, *see Jones*, No. 800319/2015, Docket Item 51 (Sup. Ct. Erie Cnty. Mar. 2, 2016), and on July 28, 2021, defendant Justice Grisanti signed an amended final order of judgment and sale, *see Jones*, No. 800319/2015, Docket Item 115 (Sup. Ct. Erie Cnty. July 29, 2021). That amended order was improper because, among other deficiencies, Justice Grisanti used his "initials in a space reserved for a signature" and did not include a court seal. *Id.* at 6-7.

---

[3] Because Jones did not include many of the allegations from her original complaint in her amended complaint, the Court refers to the original complaint to provide additional context for her claims. All capitalization has been removed from the citations to Jones's complaint and amended complaint unless otherwise noted.

On December 3, 2021, defendant Gibbons, the referee in the foreclosure sale, conducted an "illegal sale," and the property was sold to defendants Ahmed and Shaly, who were represented by defendant Paulo-Lee. *Id.* at 7. After the property was sold, Jones continued to challenge the foreclosure proceedings in state court, including by moving to "recuse [Justice Grisanti]." *Id.* at 7. Justice Grisanti, however, "refuse[d] to recuse himself," even though he was "actively involved in a lawsuit of wrongful foreclosure"—that is, this case. *Id.*

On June 10, 2022, a process server tried to serve Jones with documents related to the foreclosure and her eviction from the property. *Id.* at 8. Although Jones was not home at the time, the process server filed a false affidavit saying that Jones had been served. *Id.* That affidavit swore that the process server had served Jones, but Jones did not match the description of the person who was allegedly served with the notice of eviction. *Id.*

On August 2, 2022, the "Sheriff['s D]epartment put a 14[-]day notice of eviction on [Jones's] front door." *Id.* Jones then "went to the Sheriff['s D]epartment and [] ask[ed] how [the Sheriff's Department] could get a warrant of eviction without [going to] eviction court." *Id.* The Sheriff's Department told Jones to "get a sign[ed] date from a judge" to "cancel" the eviction. *Id.*

Jones then "file[d] a[n] order to show cause" in state court to try to stop the eviction. *Id.* But Justice Grisanti "refuse[d] to sign the order" and "refuse[d] to give [Jones] a court date." *Id.* at 9.

About two weeks later, the Sheriff's Department "came to [Jones's] front door and [rang] the door bell, started banging on the door[,] yell[ed at Jones to] get out of the

house[ and] come out[, and] repeated demands to get out[ while] threatening the use of force." *Id.* at 10. About fifteen or twenty police vehicles from the Amherst Police Department then arrived on the scene. *Id.* Ultimately, the Sheriff's Department "force[d] and busted [down Jones's] front doors and remov[ed] the door at the entrance." *Id.* Jones was allowed to "pack an overnight bag," but the Sheriff's Department "would not let [Jones] take" her pet turtle from the house. *Id.* Instead, the "Sheriff['s] Department abandon[ed] the turtle." *Id.*

The next day, Jones returned to the house to feed the turtle and to pick up some medication and documents that had been left behind. *Id.* Although the Sheriff's Department "said that [Jones] would have 30 day[s] to pack and get [her] things" from the house, Amherst police officers "immediately grabbed [Jones] and put handcuffs on [her,] arrest[ed her,] and put [her] in [the] back of a police car." *Id.* at 10-11. The Amherst police officers also handcuffed Jones's goddaughter. *Id.* at 11.

Jones and her goddaughter were taken to a holding center. *Id.* Jones was kept there overnight, but her goddaughter apparently was held there longer. *Id.* Jones then was taken to the hospital, where she was "handcuff[ed] to the bed railing" by Amherst police officers. *Id.* She was later released from the hospital and taken back to the holding center. *Id.*

## II. JONES'S CLAIMS

### A. Claims Barred by Judicial Immunity

In this Court's prior screening order, it dismissed Jones's claims against Justice Grisanti without leave to amend. *See* Docket Item 8 at 5-7. That is because judicial immunity bars claims against a judge that challenge actions taken by the judge in his or

her judicial capacity unless the judge acts in the "complete absence of all jurisdiction." *Id.* at 5 (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). And because Jones challenged Justice Grisanti's handling of her foreclosure case in New York State Supreme Court—in other words, actions Justice Grisanti took as the judge presiding over a case he had jurisdiction to hear—Jones's claims against Justice Grisanti were barred by judicial immunity. *See id.* at 5-7.

Although this Court dismissed Jones's claims against Justice Grisanti without leave to amend, Jones has named "Mark John Grisanti" as a defendant in the amended complaint and apparently asks this Court to reconsider its prior reasoning. *See* Docket Item 11. She says that Justice Grisanti is not entitled to judicial immunity because he lacked jurisdiction to take action in her foreclosure proceeding due to the New York State foreclosure moratorium. *See id.* at 19. And she cites the Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346, in arguing that Justice Grisanti is not entitled to judicial immunity here. *Id.* at 20.

First, the Tucker Act and the Little Tucker Act "are simply jurisdictional provisions that operate to waive sovereign immunity" for certain claims against the United States. *See United States v. Bormes*, 568 U.S. 6, 10 (2012). Those statutes therefore deal with sovereign, not judicial, immunity, and they have no bearing on whether Justice Grisanti, a state court judge, is entitled to judicial immunity.

Second, the New York State foreclosure moratorium does not affect whether Justice Grisanti is entitled judicial immunity. Jones cites the New York State Legislature's September 2021 extension of a moratorium on residential foreclosures, apparently to show that Justice Grisanti acted in the clear absence of all jurisdiction

when he signed the amended judgment. *See, e.g.*, Docket Item 11 at 19; Docket Item 11-1 at 17-19. But that argument is inapposite.

On December 28, 2020, the New York State Legislature passed the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020, which temporarily stayed foreclosure proceedings for the sixty days after the law's enactment and added certain safeguards to mortgagors who were in judicial foreclosure proceedings. 2020 N.Y. Laws ch. 381, pt. B, subpt. A. More specifically, if a judgment of sale had been issued but not executed before December 28, 2020, the court had to further "stay the execution of the judgment at least until the court [] held a status conference with the parties." *Id.* § 8. If a mortgagor completed a "hardship declaration" swearing that he or she had experienced financial hardship due to COVID-19, the execution of the judgment would be further stayed. *See id.* In pending foreclosure actions where a judgment of sale had not been issued, a mortgagor likewise could obtain a stay by completing a hardship declaration. *See id.* § 7. Any stay under the foreclosure moratorium ultimately expired on January 15, 2022. *See* 2021 N.Y. Laws ch. 417.

Although Jones suggests that Justice Grisanti exceeded his authority because the New York State Legislature stayed all residential foreclosures until January 15, 2022, she does not mention any hardship declaration in her own case or otherwise say why her case fell within the foreclosure moratorium. In other words, the foreclosure moratorium was, with the exception of the initial sixty-day stay period, not self-executing and did not automatically stay proceedings in Jones's case. What is more, other courts have found that "violating a stay, in and of itself, does not appear to be an act in the clear absence of jurisdiction" because a stay does not affect the boundaries of a court's

jurisdiction. *See Ryan v. Cholakis*, 2014 WL 803776, at *2 (N.D.N.Y. Feb. 25, 2014). So even if Jones were entitled to a stay—and nothing in the amended complaint suggests that she was—the New York State foreclosure moratorium does not affect whether Justice Grisanti is entitled to judicial immunity.

All of Jones's allegations against Justice Grisanti relate to actions that he took in his role as a judge presiding over a case that was assigned to him and that he had jurisdiction to hear. Therefore, and for the reasons stated in this Court's prior order, Justice Grisanti is entitled to judicial immunity. *See Bruno v. Deutsche Bank Nat'l Tr. Co.*, 2020 WL 532517, at *3 (E.D.N.Y. Feb. 3, 2020) ("[I]t is well settled that the Supreme Court of the State of New York has subject matter jurisdiction over mortgage foreclosure actions."); *see also Green v. Maraio*, 722 F.2d 1013, 1017 (2d Cir. 1983) ("[A] judge who possesses subject matter jurisdiction is not within the 'clear absence of all jurisdiction' posture which would deprive [the judge] of the use of the defense of judicial immunity."). And because Jones's claims against Justice Grisanti are barred by judicial immunity, those claims again are dismissed without leave to amend.

### B. Sovereign Immunity

Jones also names New York State as a defendant in her amended complaint. Docket Item 11. "The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity."[4] *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order) (citing *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)). Because

---

[4] Because the Tucker Act and the Little Tucker Act waive only the United States' sovereign immunity, they do not affect New York State's sovereign immunity here.

"New York has not waived its immunity, nor has Congress abrogated it," *id.* (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), the Eleventh Amendment bars suits for money damages against New York State, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Jones brings claims against New York State for money damages. Docket Item 11 at 14, 22-23. But for the reasons just stated, those claims are barred by sovereign immunity and are dismissed without further leave to amend.

**C. Criminal Law Claims**

Jones also alleges that the defendants committed various federal and state crimes, including federal criminal conspiracy, forgery, conspiracy to commit real estate deed fraud, real estate deed fraud, and obstruction of justice.[5] *See id.* at 14-15, 21. But Jones cannot herself enforce those criminal laws. *See, e.g.*, *Soh v. Santmyer*, 2022 WL

---

[5] Jones did not name Gibbons, Ahmed, Shaly, or Paulo-Lee as defendants in her original complaint. *See* Docket Item 1. In her amended complaint, Jones says that those defendants—the referee in the foreclosure sale, the two purchasers of the foreclosed property, and the purchasers' attorney—conspired to commit real estate deed fraud in connection with the December 2021 foreclosure sale. Docket Item 11 at 7, 19. *See id.* But Jones cannot sue those defendants under a criminal statute. And the only other allegations about those defendants' conduct in the amended complaint are that Gibbons conducted an "illegal sale" of the property "[d]uring a [foreclosure] moratorium extended to January 15, 2022," and that Gibbons, Ahmed, Shaly, and Paulo-Lee "[f]raudulent[ly] transfer[red the] deed." Docket Item 11 at 7. For the reasons stated above, Jones has not alleged how the foreclosure moratorium would have affected the proceedings in her state court case, and she does not say anything else about the alleged fraudulent transfer or explain how those defendants played any role in the alleged misconduct that led to the foreclosure judgment. So Jones has not plausibly alleged any viable claim against Gibbons, Ahmed, Shaly, and Paulo-Lee. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint [does not] suffice if it tenders" only "naked assertions devoid of further factual enhancement." (alterations, citation, and internal quotation marks omitted)).

17585705, at *3 n.6 (E.D.N.Y. Dec. 12, 2022) ("Plaintiff's claims for conspiracy to commit real estate deed fraud and obstruction of justice also fail because there are no private causes of action for these criminal charges."); *Reeves v. Wilkins*, 2012 WL 3835902, at *6 (E.D.N.Y. Aug. 31, 2022) ("New York does not provide a private cause of action for mail fraud, forgery, or perjury."); *McDonald v. Esposito*, 2021 WL 1062259, at *5 (E.D.N.Y. Mar. 18, 2021) ("[The p]laintiff has no private cause of action to enforce any federal criminal law."); *see generally Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Jones's claims for federal criminal conspiracy, forgery, real estate deed fraud, conspiracy to commit real estate deed fraud, and obstruction of justice therefore are dismissed without leave to amend.

### D. Section 1983 Claims

In its prior screening order, this Court dismissed Jones's claims under 42 U.S.C. § 1983 brought against non-governmental defendants because those defendants are not state actors who could be subject to liability under section 1983. Docket Item 8 at 8-9. And this Court found that any section 1983 conspiracy claim was not viable because Jones had pleaded nothing more than conclusory allegations to suggest a conspiracy between private attorneys and Justice Grisanti. *See id.* at 8 n.4.

In her amended complaint, Jones again asserts claims under section 1983 against all defendants, alleging that the defendants "violat[ed] due process" in the state court foreclosure proceedings. Docket Item 11 at 14. But as this Court explained in its prior order, neither private attorneys nor private companies are subject to liability under section 1983, at least absent allegations of a conspiracy with state actors or some other

showing of state action. *See* Docket Item 8 at 8-9. And with limited exceptions not applicable here, the "United States Constitution regulates only the [g]overnment, not private parties," so Jones cannot sue private entities for allegedly violating her due process rights. *See Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263 (2d Cir. 2014); *see also Philipps v. Sage Colleges*, 83 F. App'x 340, 341 (2d Cir. 2003) (summary order) ("With the exception of the Thirteenth Amendment prohibition against slavery, the United States Constitution regulates only government action, not that of private parties."). Because Jones again has not pleaded anything to suggest how the private defendants in this case are state actors, and because Jones has not sufficiently alleged that any of the defendants conspired with a state actor, Jones's section 1983 claims against the private defendants are dismissed without further leave to amend.

Jones also has sued the Amherst Police Department and various John and Jane Doe defendants. Docket Item 11 at 1. Although Jones does not say who those John and Jane Doe defendants are, she presumably alleges that unnamed Amherst police officers falsely arrested her when she was retrieving items from her home. *See, e.g.*, *id.* at 11 (alleging that Amherst police officers arrested Jones without cause). Jones's section 1983 claims against the unnamed Amherst police officers are "colorable" and survive screening under 28 U.S.C. § 1915(e)(2). *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations and internal quotation marks omitted)). Jones's claims against the Amherst

Police Department, however, are dismissed because the Amherst Police Department is not subject to suit under section 1983. *See Dickson v. Schenectady Police Dep't*, 2022 WL 1091615, at *1 n.1 (N.D.N.Y. Apr. 12, 2022) ("[T]he Schenectady Police Department is an agency of the City of Schenectady and not an independent entity subject to suit . . . ."); *see also Berkley v. City of New Rochelle*, 2022 WL 784018, at *6 (S.D.N.Y. Mar. 15, 2022) (collecting cases finding that "departments that are merely administrative arms of a municipality" cannot be sued under section 1983).

### E. Section 1985, Section 1986, and Racketeering Claims

In its prior screening order, this Court found that Jones's claims under 42 U.S.C. § 1985, 42 U.S.C. § 1986, and the Racketeer Influenced and Corrupt Organizations Act ("RICO") were subject to dismissal but gave her leave to amend those claims. *See* Docket Item 8 at 9-14. Jones has not included those claims in her amended complaint. *See* Docket Item 11. This Court therefore deems those claims to be abandoned and dismisses them.

### F. Remaining Claims

Finally, this Court previously found that Jones's Fair Debt Collection Practices Act and state law claims for breach of contract, wrongful foreclosure, slander of title, slander of credit, and negligent or intentional infliction of emotional distress could proceed to service against Sandler, Newrez, and another attorney involved in the state court foreclosure proceeding.[6] Docket Item 8 at 14. Jones reasserts those claims in

[6] In this Court's prior screening order, it found that some of Jones's claims against Sibel Cagatay, another attorney in the state court foreclosure proceeding, could proceed to service. Docket Item 8 at 14. But because Jones had not provided an address at which Cagatay could be served, this Court ordered her to do so within 45

her amended complaint, although she now brings them against Sandler, Boriskin, Robertson, and Newrez. Docket Item 11 at 1, 15-18. Those claims again survive screening under 28 U.S.C. § 1915(e)(2) and may proceed to service. *See Benitez*, 907 F.2d at 1295.

## III. MOTIONS FOR SANCTIONS

After filing her amended complaint, Jones filed two motions for sanctions. Docket Items 17, 19. In those motions, Jones seeks to sanction Sandler and Boriskin for their alleged misconduct in the state court foreclosure proceedings. *See id.* Those defendants have not answered the complaint, so this Court cannot conclude that they have committed any sanctionable conduct or otherwise are liable to Jones for any of the claims alleged in the amended complaint. Jones's motions for sanctions, Docket Items 17 and 19, therefore are denied.

## IV. *VALENTIN* ORDER

With respect to Jones's section 1983 claims against the John and Jane Doe Amherst police defendants, and pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Town of Amherst shall ascertain the full names of the John and Jane Doe defendants. The Town of Amherst also shall provide an address where these defendants may be served. The Town of Amherst need not defend or indemnify these

---

days if she wanted to proceed with her claims against Cagatay. *Id.* at 15. Jones has not provided an address at which Cagatay can be served; in fact, Cagatay is not included as a defendant in her amended complaint. *See* Docket Item 11. This Court therefore deems Jones's claims against Cagatay to be abandoned and dismisses those claims.

individuals at this juncture. This order merely provides a means by which Jones may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

The Town of Amherst shall produce the information specified above **within 35 days of the date of this order.** Once this information is provided, Jones's amended complaint shall be deemed amended to reflect the names of the defendants in place of John and Jane Doe, and the United States Marshals Service shall effect service.

## CONCLUSION

In light of the above, IT IS HEREBY

ORDERED that the Clerk of the Court shall correct the caption as noted in footnote 2; and it is further

ORDERED that Jones's motions for sanctions, Docket Items 17 and 19, are DENIED; and it is further

ORDERED that Jones's claims against defendants Mark John Grisanti, the State of New York, Kevin Gibbons, Olivia T. Paulo-Lee, Mohi Ahmed, Gulun Nahar Shaly, and the Amherst Police Department are dismissed, and the Clerk of the Court shall terminate them as defendants in this case; and it is further

ORDERED that Jones's claims for forgery, real estate deed fraud, conspiracy to commit real estate deed fraud, obstruction of justice, and federal criminal conspiracy, as well as her section 1983, section 1985, section 1986, and RICO claims against defendants Sandler, Boriskin, Robertson, and Newrez, are dismissed; and it is further

ORDERED that Jones's remaining claims against the unnamed Amherst police officers, Sandler, Boriskin, Robertson, and Newrez may proceed to service; and it is further

ORDERED that the Town of Amherst shall provide the Court with the names and addresses of the John and Jane Doe defendants—or a written statement of reasons why such identification is improper or impossible—**within 35 days of the date of this order;** and it is further

ORDERED that the Clerk of the Court shall cause the United States Marshals Service to serve copies of the summons, amended complaint, and this order upon defendants Sara Z. Boriskin; Samantha Sandler; Robertson, Anschutz, Schneid, Crane & Partners, PLLC; Newrez/PHH Mortgage Services PHH Mortgage Corporation 1 Mortgage; and John or Jane Doe (once identified), unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that Jones must effect service within 90 days of the date the summons is issued. It is Jones's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If, within 90 days of issuance of the summons, Jones has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk of the Court shall forward a copy of this order and the amended complaint to the Town of Amherst Attorney, 5583 Main Street, Williamsville, New York, 14221; and it is further

ORDERED that Jones shall notify the Court in writing if her address changes. The Court may dismiss the action if she fails to do so.

SO ORDERED.

Dated: April 18, 2023
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE