UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYDIA DIANE JONES, as Administrator of the Estate of James Jones,

Plaintiff,

v.

LT. THOMAS BROWN, *et al.*,

Defendants.

---

**REPORT AND RECOMMENDATION**

Case No. 1:22-cv-145-LJV-JJM

Before the court is defendants' motion to dismiss this action with prejudice pursuant to Fed. R. Civ. P. ("Rules") 37 and 41 [100],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [85, 104]. Having considered the parties' submissions [100-103, 109, 110 ] and heard oral argument [111], for the following reasons I recommend that defendants' motion be granted.

## BACKGROUND

Plaintiff Lydia Diane Jones, as Administrator of the Estate of James Jones ("Jones" or "plaintiff") commenced this action on February 18, 2022, alleging civil rights violations in connection with a foreclosure on, and her eviction from, her property located in the Town of Amherst. Complaint [1]; Amended Complaint [11]. Following preliminary motion practice before District Judge Vilardo, the remaining defendants filed their Answers. [78-84,

---

1 Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

96]. I held a telephonic scheduling conference on October 29, 2024[2] and entered a Case Management Order the same day. [89].

The Case Management Order directed the parties to serve their mandatory disclosures pursuant to Rule 26(a)(1) on or before December 2, 2024. [89], ¶3. The Case Management Order also specifically described the information required to be disclosed. *See* id., ¶¶3(i)-(iv). I further ordered the parties to confer and select a mediator and to file a stipulation identifying the medicator no later than December 2, 2024, and to participate in their first mediation session on or before January 24, 2025. Id., ¶¶4, 6. The parties were ordered to complete fact discovery no later than April 29, 2025. Id., ¶7.

In compliance with the Case Management Order, defendants served their Rule 26(a)(1) disclosures upon Jones on December 2, 2024. *See* [91].

Defendants moved on April 28, 2025 to extend the deadline for fact discovery due to Jones' failure to serve Rule 26(a)(1) disclosures, to respond to their Interrogatories, or to provide responsive information to their Request for Production. [98]. I denied that motion "without prejudice to defendants' ability to seek dispositive relief against plaintiff due to her failure to provide discovery". [99].

Defendants' motion for that relief is now before me. [100]. In his Declaration [100-1], defendant's attorney outlines the documents they received as a result of their own investigation into Jones' allegations. *See* [100-1], ¶¶17-19; *see also* [100-6] – [100-11]. They provide a copy of the Interrogatories and the First Request for Production that they served upon Jones, along with their Affirmation of Service. *See* [100-1], ¶ 21; *see also* [100-12] – [100-14]. They provide the good faith letter they served upon Jones on February 27, 2025 requesting her

[2] The scheduling conference was originally scheduled for October 15, 2024, but plaintiff failed to appear, without excuse. [88]. I rescheduled the conference to October 29, 2024. Id.

overdue Rule 26 disclosures, and responses to their Interrogatories and First Request for Production. *See* [100-1], ¶ 22; *see also* [100-15]. This letter also requested Jones' response concerning a suggested mediator. Id.

Jones filed her responses to defendants' First Request for Production on March 11, 2025. [97]. Defendants sent Jones another good faith letter on April 28, 2025 requesting that she rectify the deficiencies in her responses - which defendants outlined in detail by each numbered request - and provide both her Rule 26 disclosures and answers to the Interrogatories. *See* [100-1], ¶24; *see also* [100-16]. Finally, defendants confirm that they "have not received any responses from the Plaintiff". Id., ¶26.

Jones' response [109] to defendants' motion appears to focus on events that took place during the foreclosure of her property. It is generally non-responsive to the motion and her arguments are nearly incomprehensible. She does not include any Rule 26 disclosures or responses to defendants' Interrogatories or request any additional time to complete them. Nor does she attempt to explain the reasons for her failure to respond.

Jones did not remedy these deficiencies during oral argument. Instead, she disputed defendants' attorney's authority to represent his clients at the oral argument and demanded to know "where are my accusers", because the attorney is "a third party". Recording of November 4, 2025 Proceeding at 2:10:31-35. Her arguments concerned events that took place during, and immediately after, the foreclosure. Id. at 2:11:06-2:13:11.

Jones also claimed that she had responded to defendants' Interrogatories (id. at 2:14:33-36 and 2:15:47-48) and had "filed them as exhibits" (id. at 2:15:52-57). However, the exhibits attached to her responding papers are:

1. an "Affidavit of Public Notice" purportedly from the "Yamassee of Tanasi Native American Tribe", but signed by plaintiff ([109] at 6);

2. an Invoice from the "Yamassee of Tanasi Govt. True Bill" to the "Amherst Police" for $19,020,000.00 related to items such as "identity theft", "armed stalking" "treason, war against Americans" and various damages, also signed by plaintiff (id. at 7-8); and

3. pages 1-2, 19-22, and 34 of a document Bloomberg Property Analysis Report (id. at 9-17).

These documents do not contain information required under Rule 26(a)(1), nor do they appear responsive to the defendants' Interrogatories.

## DISCUSSION

### A. Relevant Standards

"[*P*]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them . . . . The right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995). Defendants seek dismissal pursuant to Rules 37 and 41(b).

Rule 37, entitled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions", provides, *inter alia*:

> "**(b) Failure to Comply with a Court Order.**
>
> ***
>
> **(2)** ***Sanctions Sought in the District Where the Action is Pending***
>
> (A) *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just order. They may include the following:
>
> ***
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims . . . or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> ***
>
> (v) dismissing the action or proceeding in whole or in part;

***

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

**(1)** ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

***

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A) (i)-(vi).

***

**(d) Party's Failure to . . . Serve Answers to Interrogatories . . .**

**(1)** ***In General.***

(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

***

(ii) a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response.

(B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

***

**(3)** ***Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Rule 37.

Rule 41, entitled "Dismissal of Actions" provides, *inter alia*:

"**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

> subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits".

Rule 41.

Rule 16(f), which applies to noncompliance with scheduling orders, is also relevant:

> "**(f) Sanctions.**
> **(1)** ***In General.*** On motion or on its own, the court may issue any just orders, including those authorized by Rule (37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> ***
>
> (C) fails to obey a scheduling or other pretrial order."

Rule 16. This rule also makes mandatory an award of attorney's fees "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust". Rule 16(f)(2).

The factors to be considered under each Rule overlap to a great extent. The Rule 37 factors include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance". Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). The same factors are used to determine whether dismissal is appropriate under Rule 16. Houghtaling v. Downes, 2023 WL 7304954, *3 (W.D.N.Y. 2023) ("[t]he Court's resolution of Defendants' motion under Rule 16 rather than Rule 37 has minimal practical effect, however, because both Rules impose substantially the same standards"); *see also* Houghton v. Culver, 467 Fed. Appx. 63, 65 (2d Cir. 2012) (Summary Order) ("[i]n reviewing a district court's dismissal pursuant to Rule 16(f), therefore, the standards developed under Rule 37(b)(2) are applied").

The Rule 41(b) factors include "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal". Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

However, since "no single factor is generally dispositive" (id.), they "need not each be resolved against the party challenging the district court's sanctions". Southern New England, 624 F.3d at 144. I address each factor below.

## B. Analysis of Relevant Factors

### 1. Willfulness/Bad Faith

"[B]ad faith [is] exhibited by . . . willful violations of court orders", Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 345 (2d Cir. 1986), and "[w]illfulness is a voluntary, intentional violation of a known legal duty", requiring "no finding of bad purpose or evil motive". United States v. Ruffin, 575 F.2d 346, 354 (2d Cir. 1978).

My Case Management Order gave clear instructions for Rule 26(a)(1) disclosures. It quoted the requirements of the Rule, leaving no doubt what the disclosures should contain. [89] at 1-2. Similarly, defendants' Interrogatories contained specific instructions. [100-12] at 2-7. Jones did not request any extension of her time to serve her Rule 26(a)(1) disclosures or answers to Interrogatories. Nor did she request any guidance on how to respond from either the court or defendants' attorney. Jones did not object to the Interrogatories or make any motion for a protective order. She did not respond to defendants' multiple requests. Nor did she attempt to

comply after being served with defendants' motion. I find that Jones willfully failed to serve her Rule 26 disclosures and willfully failed to respond to the Interrogatories.

**2. Duration of Noncompliance**

Jones' deadline to provide her Rule 26(a)(1) disclosures was December 2, 2024. [89], ¶3. Her deadline to respond to defendants' Interrogatories pursuant to Rule 30 was March 6, 2025. She did not request an extension of either deadline. Accordingly, she has been noncompliant with the Case Management Order for eleven months and has failed to respond to defendants' Interrogatories for eight months. "Such conduct may warrant dismissal after merely a matter of months". Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982).

**3. Warning of Consequences**

My October 15, 2024 Text Order [88] rescheduled the preliminary pretrial conference due to Jones' failure to appear. She was warned that if she failed to participate in the conference, her case could be "dismissed for failure to prosecute". My April 28, 2025 Text Order [99] denied defendants' motion to extend pretrial deadlines, including the deadline to complete fact discovery due to their "failure to show good cause for the extension". That Text Order also warned Jones that defendants were able "to seek dispositive relief against plaintiff due to her failure to provide discovery". Defendants did not serve their motion to dismiss until August 29, 2025. *See* [100]. During that time, however, Jones still did not attempt to extend her time to complete discovery or to otherwise satisfy her discovery obligations.

**4. Prejudice to Defendants**

"Plaintiff's duty to [exercise] due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable

delay may be presumed." Lyell Theatre Corp., 682 F.2d at 43. Rule 26(a) "imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement". Rule 26(a) Advisory Committee Notes, 1993 Amendment.

"The very purpose of Rule 26(a)(1) disclosures is to minimize for both parties the expenditure of time and money", Chinn v. Elmwood Franklin School, 2018 WL 6738326, *2 (W.D.N.Y. 2018), adopted, 2018 WL 6266193 (W.D.N.Y. 2018), by "ensur[ing] that a party knows at a very early date of the witnesses its opponent intends to use to support a claim or defense so that the party can notice any depositions it will need". Gardner-Alfred v. Federal Reserve Bank of New York, 2023 WL 2366916, *2 (S.D.N.Y. 2023).

"The party that failed to comply with its discovery obligations bears the burden of proving that its failure was both substantially justified and harmless." Foley v. United States, 294 F. Supp. 3d 83, 101 (W.D.N.Y. 2018). Jones did not satisfy that burden. Her failure to comply with her Rule 26(a)(1) obligations and to respond to defendants' Interrogatories has deprived defendants of the ability to properly formulate its strategy for pretrial discovery, and/or to make an informed decision about an early settlement. The fact that defendants "could have obtained the undisclosed information by other means is not a substantial justification for nondisclosure". Famous Music Corp. v. 716 Elmwood, Inc., 2007 WL 5041415, *7 (W.D.N.Y. 2007); 6 Moore's Federal Practice, § 26.27[2][c] (Matthew Bender 3d ed. 2024).

In any event, defendants did attempt to obtain undisclosed information from other sources by serving FOIL requests upon the Erie County Sheriff's Office. *See* [100-1], ¶17; *see also* [100-4], [100-5]. The responses defendants received, however, did not support Jones' allegations. *See* [100-1], ¶¶18-20; *see also* [100-6] – [100-11]. To the extent that there is

information or witnesses that can support Jones' allegations, she is the only one that can point defendants to that evidence. Given these facts, Jones' failure to participate in discovery prejudices defendants.

**5. This Court's Interest in Managing its Docket**

"The discovery process is intended to be self-executing. And it is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process." Chinn, 2018 WL 6738326 at *7.

"The resources of the courts would be taxed beyond endurance if more than a tiny percentage of discovery or disclosure proceedings generated disputes that judges were forced to resolve . . . . If parties could ignore Court Orders with the liberty in which plaintiff has acted, the civil justice system would suffer, and judges would have no reason to invest their energy in case management. There would be no premium placed on adherence to a schedule or a Court Order, and no incentive to manage the litigation to reduce its cost and bring justice as expeditiously as possible to each of the parties." Id.

**6. The Availability of Lesser Sanctions**

Although I have considered lesser sanctions, none seem appropriate in this case. Here, plaintiff was granted permission to proceed *in forma pauperis*. [4]. Due to Jones' limited financial circumstances, an award of attorney's fees would likely be unenforceable. Further, defendants agree that "[d]ue to [p]laintiff's *pro se* status, monetary sanctions would be inappropriate". [100] at 16. Moreover, for the reasons already discussed, Jones' failure to provide her Rule 26(a)(1) disclosures was neither substantially justified nor harmless, meaning that preclusion of the information which she should have disclosed would be presumptively

automatic. *See* Rule 37(c)(1)(a) ("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

"[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Although "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations", the court's "authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts". Lyell Theatre Corp., 682 F.2d at 42. "To simply again direct plaintiff to honor her obligations under the federal rules and extant court orders would encourage rather than deter dilatoriness and recalcitrance." Chinn, 2018 WL 6738326 at *7.

"There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order . . . . But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976).

I am cognizant of District Judge Vilardo's recent decision involving a request for sanctions against another *pro se* plaintiff in Daniels v. Daemen University, 2025 WL 1762202

(W.D.N.Y. 2025). There, Judge Vilardo disagreed with my recommendation to dismiss a *pro se* plaintiff's complaint as a sanction. He found that the plaintiff there "was not entirely without funds" and had "made some efforts to comply" with discovery by, for example, belatedly filing her Rule 26 disclosures after I had filed my recommendation to dismiss her case. Id. at *6. For those reasons, Judge Vilardo found that "some other sanction . . . would be fairer and more appropriate here". Id. Neither of those mitigating factors are present here. I therefore recommend that the court dismiss Jones' Amended Complaint.

However, should Judge Vilardo disagree that the sanction of dismissal is appropriate under the circumstances here, I recommend in the alternative that Jones be prohibited from using any information she should have disclosed pursuant to Rule 26(a) and from introducing into evidence any information responsive to defendants' Interrogatories to support the claims in her Amended Complaint. *See* Rules 16(f)(1), and 37(b)(2)(A)(ii), (c)(1)(C), and (d)(3).

## CONCLUSION

For the reasons discussed, I recommend that defendants' motion to dismiss this action [100] be granted, or, in the alternative, that the court impose the sanction of preclusion of evidence as outlined above.

Unless otherwise ordered by District Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by November 24, 2025. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: November 6, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge