UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYDIA DIANE JONES,

Plaintiff,

v.

MAGISTRATE JUDGE MARK GRISANTI et al.,

Defendants.

---

22-CV-145-LJV-JJM
DECISION & ORDER

On February 18, 2022, the plaintiff, Lydia Diane Jones, commenced this action under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act, and other state and federal laws. Docket Item 1. Those claims generally pertain to what Jones calls the defendants' "wrongful foreclosure" proceedings against her in state court. *Id.*

On September 16, 2024, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A). Docket Item 85. About a year later, the Court amended the referral order to include dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 104.

In the meantime, the defendants moved to dismiss, Docket Item 100; Jones responded, Docket Item 109; and the defendants replied, Docket Item 110. After hearing oral argument, *see* Docket Item 111, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted. Docket Item 112.

Jones objected to the R&R, Docket Item 115, and also moved to vacate a foreclosure sale, Docket Item 117. The defendants responded to Jones's objection, Docket Item 121, and to her motion to vacate, Docket Item 122. Judge McCarthy then issued a second R&R—this one recommending that this Court deny Jones's motion to vacate. Docket Item 133. Jones objected to the second R&R, Docket Item 136; the defendants responded, Docket Item 139; and Jones replied, Docket Item 141.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the two R&Rs; the record in this case; the objections, responses, and replies; and the materials submitted to Judge McCarthy. Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendations to grant the defendants' motion to dismiss and to deny Jones's motion to vacate.[1]

[1] Jones also has filed a motion for a temporary restraining order and preliminary injunction, Docket Item 120; a motion for reconsideration of Judge McCarthy's denial of her motion for judicial subpoenas, Docket Item 132; and a motion to appoint counsel, Docket Item 142. Because the Court grants the defendants' motion to dismiss, those other pending motions are denied as moot.

## **DISCUSSION**[2]

### I. MOTION TO DISMISS

Judge McCarthy recommends granting the defendants' motion to dismiss under Federal Rules of Civil Procedure 37 and 41. Docket Item 112. More specifically, Judge McCarthy concludes that Jones's failure to participate in discovery warranted dismissal. *See id.* This Court agrees.

The R&R carefully outlines the history of this case, *id.* at 1-4, and the relevant factors in assessing whether dismissal is appropriate: willfulness, duration of noncompliance, warning of consequences, prejudice to defendants, the Court's interest in managing its docket, and the availability of lesser sanctions, *id.* at 4-12. In her objection, Jones does not explain why any of this analysis is incorrect. *See* Docket Item 115. Instead, she provides what she titles an "answer to Rule 26(a)(1)"—albeit without any initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1)—and what appear to be responses to some of the defendants' requests for production. *See id*.

The law is clear that district courts typically do not consider new arguments or evidence raised in objections to an R&R. *See, e.g.*, *McBryde-O'Neal v. Polichetti*, 2025 WL 752055, at *4 (S.D.N.Y. Mar. 10, 2025) ("[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation."); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 42 (N.D.N.Y. 2009) ("[A] district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have

[2] The Court assumes the reader's familiarity with the factual background of this case and Judge McCarthy's analysis in the two R&Rs, *see* Docket Items 112 and 133.

been, but was not, presented to the [m]agistrate [j]udge in the first instance." (quoting *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 425 n.1 (N.D.N.Y. 2009))). Especially because Jones gives no reason why what she submits now could not have been submitted to Judge McCarthy, the Court follows that rule here.

Indeed, despite having been given ample opportunity, Jones did not make any attempt to provide discovery responses while this issue was being litigated in front of Judge McCarthy. Rather, as Judge McCarthy notes, her written response to the defendants' motion to dismiss did "not include any Rule 26 disclosures or responses to defendants' [i]nterrogatories or request any additional time to complete them." Docket Item 112 at 3. And what is more, Jones did not even "attempt to explain the reasons for her failure to respond." *Id*.

Judge McCarthy nevertheless gave Jones another chance at oral argument, but she still "did not remedy these deficiencies"; instead, she "disputed defendants' attorney's authority to represent his clients." *Id.* Even now, Jones does not provide any reason for her failure to comply with discovery deadlines or explain why Judge McCarthy's analysis of the relevant factors was incorrect. Instead, she answers some—but not all—of the demands that she should have answered months ago. And that is simply too little too late.

This Court understands the challenges facing pro se litigants and gives them the benefit of every doubt. Nonetheless, the Court finds that Judge McCarthy appropriately weighed the relevant factors in this case and agrees with his conclusion that the only

appropriate sanction for Jones's repeated failure to participate in discovery and to follow court orders is the dismissal of her case.[3]

## II. MOTION TO VACATE

As Judge McCarthy observes, "Jones'[s] motion to vacate the foreclosure sale is in reality yet another attack on the foreclosure judgment," and this Court already has held that such attacks "are barred by the *Rooker-Feldman* doctrine." *See* Docket Item, 133 at 1-2 (citing Docket Item 74). Jones's objection continues to disagree with this Court's prior decision that *Roooker-Feldman* applies. *See* Docket Item 136 at 1. But it does not provide any legal basis for this Court to reconsider its decision.

Thus, for the reasons stated in this Court's prior decision regarding the applicability of *Rooker-Feldman*, Docket Item 74, and for the reasons stated in the R&R, Docket Item 133, Jones's motion to vacate the foreclosure sale, Docket Item 117, is denied.

---

[3] As Judge McCarthy observes, Docket Item 112 at 11-12, this case is different from *Daniels v. Daemen University*, 2025 WL 1762202, *6 (W.D.N.Y. June 26, 2025), in which this Court found a lesser sanction appropriate for a pro se plaintiff's "less than diligent" approach to discovery. Among other things, the Court noted that the plaintiff in *Daniels* had "indicated her willingness to pay her opponent's attorney's fees as a sanction." *Id.* Thus, the Court found "that some other sanction—for example, a modest and limited award of attorney's fees—would be fairer and more appropriate" and "refer[red] the case back to Judge McCarthy to determine an appropriate sanction, such as an amount of attorney's fees that [the plaintiff] must pay to [the defendant]." *Id.* Here, the Court agrees with Judge McCarthy that after "consider[ing] lesser sanctions, none seem[s] appropriate in this case." Docket Item 112 at 10.

## **CONCLUSION**

For the reasons stated above and in Judge McCarthy's R&Rs, the defendants' motion to dismiss, Docket Item 100, is GRANTED, and Jones's motion to vacate the foreclosure sale, Docket Item 117, is DENIED. Jones's pending motions for a temporary restraining order and preliminary injunction, Docket Item 120, for reconsideration, Docket Item 132, and to appoint counsel, Docket Item 142, are DENIED AS MOOT. The Clerk of Court shall enter judgment and close this case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: September 30, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE